IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES COOK,

                Petitioner,                Case No. 3:05 CV 707

    -vs-                                    MEMORANDUM OPINION

MARGARET BRADSHAW,

                Respondent.

KATZ, J.

Pending before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Vernelis K. Armstrong filed December 19, 2005 (Doc. No. 11), as to which Petitioner filed objections on December 30, 2005 (Doc. No. 12) and January 13, 2006 (Doc. No. 13). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings.

Petitioner has filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as to which the Respondent Warden filed an answer and Petitioner filed a transcript. The Magistrate Judge reviewed the entire record before her and in her well-reasoned opinion outlined the factual background and procedural history of this case. Petitioner was accused of murder and indicted by a grand jury in Cuyahoga County, Ohio on January 29, 1987; that indictment was on one count of murder with a gun specification. He avoided prosecution by fleeing the Cleveland area and using an assumed name, James C. Daniels, and was finally found serving time in a Florida prison. After extradition was waived, he was tried and found guilty of murder with gun specifications by a jury.

The Magistrate Judge reviewed the appeal process and history in the state courts and addressed the six reasons asserted by Petitioner which he claims would justify the granting of a Writ of Habeas Corpus. She determined that Petitioner had failed to exhaust his claims for relief based on ineffective assistance of appellate counsel, prosecutorial misconduct, erroneous jury instructions and reference to plea negotiations in the presence of the jury. Having reviewed the record before the Court and considered the objections filed by Petitioner, the Court finds that Petitioner's objections are not well taken and that the aforementioned reasons for relief have not been exhausted.

The R & R next turned to the merits of the claims which were not subject to procedural default, including Petitioner's right to due process under the Speedy Trial Act, the lack of substantial evidence to support his conviction and the weight and sufficiency of evidence on which he was convicted, as well as ineffectiveness of appellate counsel's representation. The lapse of thirteen years between indictment and trial certainly was not a violation of the Speedy Trial Act and Petitioner's Sixth Amendment rights pursuant thereto as the delay was occasioned by his own attempt to avoid apprehension, including fleeing the State of Ohio and using a false identity during his incarceration in Florida. Further, he has failed to demonstrate prejudice by being impaired in his defense or in any inability to locate witnesses and has not demonstrated that the delay was attributable to the State rather than to his own flight.

Likewise, the R & R addressed the claim pertaining to the weight of the evidence in Petitioner's trial, which is not a federal constitutional claim. Drawing inferences in a light most favorable to the prosecution, as required under the law, it is clear that the jury had sufficient

evidence presented to it from which it could find, beyond a reasonable doubt, that Petitioner was guilty of the murder as charged.

None of the other matters presented by Petitioner bear any significant review other than as set forth in the R & R. Therefore, the findings and recommendations of the Magistrate are well taken, and there are no legal points which would be arguable on their merits in an appeal of this case. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

The Report and Recommendation is adopted as the Order of this Court. Petitioner's Writ of Habeas Corpus is denied.

Further, under 28 U.S.C. §1915(a), an appeal of this case should not proceed *in forma pauperis* as it would not be taken in good faith.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE